# IN THE MATTER OF THE JUANITA SUGAR & COFFEE PLANTING COMPANY, BANKRUPT.

Mayaguez, Bankruptcy, No. 15.

On Certificate of Referee as to Allowance of Claim of the People of Porto Rico.

Bankruptcy—Proof of Claim.

1. Where a claim is set up against an assignee, the creditor must prove not only the correctness of the claim, but the validity of the assignment. Nonuser of the right in question tends to show its non-acceptance.

Bankruptcy—Termination of Franchise.

2. Where a franchise to use water provides that the permit shall *ipso facto* become null and void unless there is an annual payment by a certain date, there is a revocation on that date *per se*, unless the amount is so paid.

Bankruptcy—Tax or Contract.

3. It need not be determined whether a claim is for a tax or for a contract price, if it has come to an end.

Opinion filed June 6, 1913.

*Mr. Salvador Mestre* for the People of Porto Rico.

*Mr. José E. Benet* for the Creditors.

Note.—On the question of forfeiture of franchise of water company for failure to comply with contract, see note in 61 L.R.A. 93.

Matter of Juanita Sugar & C. P. Co.

HAMILTON, Judge, delivered the following opinion:

The referee in bankruptcy at Mayaguez certifies up to this court that on February 19, 1913, a meeting of creditors of the Juanita Sugar & Coffee Planting Company was held, at which claims were presented and allowed. Among those presented was one on behalf of the People of Porto Rico for the sum of $55 as compensation for a revocable permit granted Julio F. Anduze, March 30, 1911, approved April 5, 1911, for taking and using for industrial purposes nine litres of water per second from the Arenas river, in the municipal district of Las Marias. The claim was opposed by creditors, and thereupon evidence was offered, consisting of a certified copy of the said ordinance, the auditor's collectible account for the said $55 from January to December, 1912, and a certificate from the secretary of the executive council of Porto Rico, dated April 27, 1911, that Julio F. Anduze, on April 15, 1911, notified the executive council that he had assigned the said water franchise to the Juanita Sugar & Coffee Planting Company, which assignment was approved by the council on April 27, 1911. Oral evidence was also offered by Julio F. Anduze, who testified that after acquiring the said permit he transferred it to the corporation, but that the corporation was a failure, and the water was never taken or used, nor did the the corporation intend to take any water from that or any other river, and its land was never irrigated, and that "said corporation never considered nor made use of said water right."

Thereupon "the referee took a vote of the creditors present, and they unanimously voted against the allowance of said claim;

VI. Porto Rico—13.

Matter of Juanita Sugar & C. P. Co.

and for the said reason the referee refused to allow said claim on the following grounds:

"1. Because said water right was never used nor considered by the Juanita Sugar & Coffee Planting Company; nor the water taken by the grantee or the assignee, the bankrupt.

"2. Because said franchise became null and void on January 15, 1912, according to § 6 of the ordinance herein referred to.

"3. Because said claim cannot be considered as a tax or as a compulsory obligation."

It was stated upon the argument that, while the papers filed are in the form of a certificate by the referee, it was intended and acted upon by all parties as an appeal by the People of Porto Rico from the decision of the referee in the matter. For this reason the proceeding will be considered both as an appeal by the creditor and a request for instructions by the referee; but the practice in the case is disapproved for the future. A creditor desiring to appeal should do so in regular form, having his transcript certified by the referee as an appeal.

This is a bankrupt estate, and the claim of the People of Porto Rico was disallowed at a meeting of creditors to prove claims. It, of course, devolved upon the creditor to prove his claim in some adequate way. No objection for lack of affidavit, or for other informality, seems to have been made, and none will be considered now, but there are several objections to the claim.

1. In the first place, the franchise was granted to Julio F. Anduze, and, although he was manager of the bankrupt corporation, there is nothing whatever to show that there was any valid transfer from him to the corporation. There is evidence that he notified the executive council of such a transfer, but none

Matter of Juanita Sugar & C. P. Co.

whatever to show that the transfer was accepted. On the other hand, there is evidence tending to show that it was not accepted, for he himself testified that the franchise "was never considered" by the bankrupt. It is not quite clear what this language means, but, if it means anything, it means at least that the minds of the parties did not meet in regard to the franchise. The action of the bankrupt also in never using the water under the franchise would tend to show nonacceptance. The burden was on the creditor to show that the transfer was accepted, for otherwise the bankrupt company was not a debtor of the People of Porto Rico.

2. The original compensation required for the franchise was duly paid when it was granted, but nothing further was ever paid. Unless the annual payment for 1912 was paid by January 15th of that year, the terms of the franchise itself (§ 6) declared that the "permit shall *ipso facto* become null and void." This is not an option on the part of the People of Porto Rico to consider the franchise in force and to sue for the compensation, but an absolute revocation of this revocable permit by its own terms. It is difficult to see upon what principle the People of Porto Rico can now claim the compensation in question. If they get the money, it amounts to a waiver of the forfeiture, and there never would be any revocation of the revocable permit.

3. As to whether this charge is a tax or a contract price need not be determined. Whatever it was, it did not become binding or come to an end, so far as this bankrupt estate is concerned, and cannot now be collected.

As a result, an order will be entered sustaining the action of the referee in disallowing the claim.